# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**KEITH MICHAEL KIRCHNER,**

    **Plaintiff,**

v.                                                                                       **Case No: 5:17-cv-197-Oc-18PRL**

**COMMISSIONER OF SOCIAL
SECURITY**

    **Defendant.**

---

## REPORT AND RECOMMENDATION[1]

Plaintiff appeals the administrative decision denying his application for Disability Insurance Benefits and Supplemental Security Income. Upon a review of the record, the memoranda, and the applicable law, the Commissioner's decision is due to be affirmed.

## I.  BACKGROUND

Plaintiff filed an application for benefits, alleging disability beginning on January 1, 2005 through June 30, 2009. (Tr. 20, 428, 430). Plaintiff's claim was denied initially, and upon reconsideration. (Tr. 126–30). At Plaintiff's request, a hearing was held where both Plaintiff and an impartial vocational expert (VE) testified. (Tr. 43–64). Following the hearing, the Administrative Law Judge (ALJ) entered an initial order that was subsequently reversed and remanded by the Appeals Counsel. (Tr. 131–55).

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

On remand, the ALJ held a supplemental hearing and issued a notice of unfavorable decision, finding Plaintiff not disabled. (Tr. 20–32). This time Plaintiff's request for review was denied by the Appeals Council (Tr. 1–4), and Plaintiff brought this action. (Doc. 1). Plaintiff has exhausted his administrative remedies, and the final decision of the Commissioner is ripe for review under 42 U.S.C. § 405(g).

Based on a review of the record, the ALJ found that Plaintiff had the following severe impairments: Asperger's disorder and depressive disorder. (Tr. 22).

The ALJ found that Plaintiff had the residual functional capacity to perform the full range of work at all exertional levels. (Tr. 24). But that his work tasks "should be simple, defined as about 1–3 steps, performed repetitively, and learned in 30 days or less." (*Id.*) The ALJ also limited Plaintiff to "no interaction with the general public and no work in the eye of the public" and specified that Plaintiff had the capacity for "no more than occasional interaction with coworkers/supervisors."

Based on his RFC and the testimony of the VE, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as salvage laborer, dishwasher, or warehouse packed. (Tr. 32). The ALJ therefore determined that Plaintiff is not disabled.

## II.   STANDARD OF REVIEW

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is set forth in the ALJ's decision. *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla—i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).

### III.   DISCUSSION

The first section of Plaintiff's argument discusses Social Security claims generally without making any reference to the specifics of Plaintiff's case. (Doc. 17, pp. 10–17). Insofar as this section of Plaintiff's brief raises any issues, those issues are waived by Plaintiff's failure to support

them with record citations, argument, or legal authority. *See Outlaw v. Barnhart*, 197 Fed. Appx. 825, 828 n.3 (11th Cir. 2006) (finding Plaintiff had waived issue by listing it in his brief but failing to "elaborate on this claim or provide citation to authority about this claim").

In the second section, Plaintiff appears to argue that the ALJ: (1) erred in evaluating the testimony of Dr. Rodney Poetter; and (2) erred in finding that Plaintiff did not meet the listing criteria for a mental health disability.

### A.      The ALJ properly evaluated the opinion of Dr. Poetter

Dr. Poetter examined Plaintiff twice: on November 19, 2013 and November 21, 2011. (Tr. 970). The first exam was a referral for a psychological evaluation while the second exam was a consultative exam to evaluate Plaintiff's disability claim. (Tr. 788–92, 966–69). As part of the consultative exam, Dr. Poetter completed a check-box form where he opined that Plaintiff had moderate difficulties as to activities of daily living, extreme difficulties in maintaining social functions, and marked difficulties in concentration, persistence, or pace—as well as four or more episodes of decomposition. (Tr. 972). Plaintiff maintains that the ALJ erred by not giving this opinion greater weight.

The ALJ must state with particularity the weight given to different medical opinions and the reasons therefor. *Winschel v Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). In determining the weight to be given a medical opinion, the regulations establish a set of factors to consider. 20 C.F.R. § 404.1527(c). Those factors are (1) whether the source examined the claimant; (2) whether the source treated the claimant over a time period; (3) how well the source's opinion is supported by evidence; (4) the consistency between the opinion and the record as a whole; (5) the specialization of the source; and (6) any other factor brought to the ALJ's attention. *Id.* The

ultimate determination of whether the Plaintiff is disabled, however, is reserved for the Commissioner. *Id.* § 404.1527(d)(1).

Treating sources are generally given more weight than non-treating sources because they are likely to be "most able to provide a detailed, longitudinal picture" of the claimant's impairments. *Id.* § 404.1527(c)(2). The opinions of treating physicians are entitled to substantial or considerable weight unless "good cause" is shown to the contrary. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004). Good cause exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004). "In the end, the ALJ may reject the opinion of any physician if the evidence supports a contrary conclusion." *Denomme v. Comm'r of Soc. Sec.*, 518 Fed. App'x 875, 877 (11th Cir. 2013) (citation omitted).

Here, the ALJ determined Dr. Poetter's opinion was entitled to "little weight." (Tr. 30). The ALJ found that Dr. Poetter was not a treating physician but rather an evaluating source, and that Dr. Poetter's opinion was inconsistent with Dr. Poetter's own observations and treatment notes. (*Id.*) Plaintiff challenges both findings.

First, Plaintiff argues that Dr. Poetter's opinion was entitled to the weight of a treating physician's opinion. Yet the record shows that Dr. Poetter examined Plaintiff only two times over a period of two years, and the second exam was based on a referral from Plaintiff's attorney to determine Plaintiff's functional capacity. (Tr. 30, 972). Plaintiff has not shown that the ALJ erred in concluding that Dr. Poetter would not be able to provide a "detailed, longitudinal picture" of Plaintiff's condition that would entitle his opinion to the weight of a treating physician's opinion given the absence of evidence of an on-going treatment relationship. 20 C.F.R. § 404.1527(c)(2);

*see also Coheley v. Soc. Sec. Admin.*, 707 F. App'x 656, 659 (11th Cir. 2017) (explaining that because claimant's physician "examined Claimant only twice, he was no treating physician; and his opinion is unentitled to deference").

In addition, even if Dr. Poetter could be considered a treating physician, the opinion of a treating physician may be given limited weight where the physician's opinion is not supported by the record evidence. *See Phillips*, 357 F.3d at 1241. Where the ALJ provides a specific justification for discounting the opinion of a medical source, supported by record evidence, there is no reversible error. *See Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005).

Here, the ALJ found that Dr. Poetter's opinion was inconsistent with Dr. Poetter's own observations and treatment notes. (Tr. 30). The ALJ noted that Dr. Poetter observed that Plaintiff was "cooperative and cordial," which the ALJ found to be inconsistent with Dr. Poetter's finding of extreme difficulties in social functioning. (Tr. 30, 967). The ALJ also pointed out that Dr. Poetter observed that Plaintiff "expressed himself clearly," and his responses were "controlled and appropriate to questions asked and the topic under discussion." (Tr. 30, 967–68). Plaintiff performed well on several cognitive assessments during Dr. Poetter's exam, which according to the ALJ, was inconsistent with Dr. Poetter's conclusion that Dr. Poetter had marked limitations with concentration, persistence, or pace and suggested that Plaintiff's reasoning skills were intact. (Tr. 30). Indeed, Plaintiff was oriented in all spheres, and performed well on mental control exercises and questions assessing judgment and common sense reasoning.

Plaintiff has not met his burden to show that the ALJ lacked a justification for giving Dr. Poetter's opinion limited weight. *See Hunter v. Soc. Sec. Comm'r*, 808 F. 3d 818, 823 (11th Cir. 2015) ("[The court] will not second guess the ALJ about the weight the treating physician's

opinion deserves so long as he articulates a specific justification for it."). Accordingly, Plaintiff has failed to show that the ALJ erred in evaluating the opinion of Dr. Poetter.

**B.     The ALJ did not err in finding Plaintiff did not meet the listing criteria, and Plaintiff's RFC is supported by substantial evidence.**

Plaintiff argues as well that the ALJ erred in concluding he did not meet the listing criteria for the mental health listings. The listing of impairments in the Social Security Regulations identifies impairments that are considered severe enough to prevent a person from gainful activity. By meeting a listed impairment, or otherwise establishing an equivalence, a Plaintiff is presumptively found to be disabled regardless of his age, education, or work experience. Thus, an ALJ's sequential evaluation of a claim ends if the claimant can establish the existence of a listed impairment. *Edwards v. Heckler*, 736 F.2d 625, 628 (11th Cir. 1984).

Plaintiff bears the burden of proving he meets a listing. *Bell v. Bowen*, 796 F.2d 1350, 1352–53 (11th Cir. 1986). Mere diagnosis of a listed impairment is not enough as the record must contain corroborative medical evidence supported by clinical and laboratory findings. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). Findings that a claimant fails to meet a listing "need not be explicit and may be implied from the record." *Bellew v. Acting Comm'r of Soc. Sec.*, 605 F. App'x 917, 920 (11th Cir. 2015).

While Plaintiff maintains that he meets the paragraph B criteria under the mental health listings, he has not identified a specific listing that he meets. The ALJ considered listings 12.04 and 12.10, affective disorders and autism disorder, and determined that Plaintiff did not meet the paragraph B criteria for either listing. (Tr. 23). 20 C.F.R. Part 404, Subpt. P, App. 1 (2016).[2]

---

[2] The ALJ appears to have relied on the 2016 version of the listings, applicable at the time of the decision, which have since been revised.

To meet the paragraph B criteria, Plaintiff must prove that he has an extreme limitation in one criterion or marked limitations in two criteria. 20 C.F.R. Part 404, Subpt. P, App. 1. The criteria are (1) activities of daily living, (2) social functioning, (3) concentration, persistence, or pace, and (4) repeated episodes of decomposition, each of an extended duration. *Id.*

The ALJ determined that Plaintiff had only moderate restriction in activities of daily living, as evidence by Plaintiff's testimony that he can cook, clean, and do household chores. (Tr. 23, 106–07). The ALJ also noted that Plaintiff testified he helps his mother maintain her rental properties and helps to take care of the family horses. (Tr. 23, 105–06). Plaintiff told Dr. Poetter that he helps his brother run a paintball field, working the cash register and sometimes refereeing matches. (Tr. 789).

As to social functioning, the ALJ determined that Plaintiff had only moderate difficulties in social functioning as Plaintiff gets along well with his brothers, attends church, and goes grocery shopping. (Tr. 23, 108, 491, 535, 543, 789). Likewise, the ALJ found he had only moderate difficulties as to concentration, persistence, or pace. (Tr. 23). The ALJ noted that Plaintiff testified he could drive, use a computer for research, watch TV, and play video games. (Tr. 103, 108, 543). Finally, the ALJ noted that there was no evidence Plaintiff suffered from periods of decompensation.[3] (Tr. 23).

In response, Plaintiff relies on the opinion of Dr. Poetter, which, as discussed above, the ALJ concluded was entitled to little weight. Plaintiff also makes conclusory arguments that he "has severe deficits in adaptive functioning" without record citations or legal argument. (Doc. 17, p. 19). Conclusory assertions unsupported by medical evidence are insufficient to meet Plaintiff's

---

[3] Although Dr. Poetter indicated in his consultative exam that Plaintiff experienced periods of decompensation, the ALJ determined that the opinion of Dr. Poetter was entitled to little weight. (Tr. 30). Moreover, Plaintiff does not identify when any periods of decompensation occurred and such episodes are not documented in Dr. Poetter's evaluation. (Tr. 966–73).

burden to establish that he met the requirements of listings 12.04 and 12.10. *See Bellew*, 605 F. App'x at 920 (explaining that it is claimant's burden to provide "medical reports documenting that the condition meets the Listing's specific criteria and duration requirement"). Even if the ALJ had erred in determining that Plaintiff had only moderate difficulties in any one particular area, Plaintiff must met at least two of the paragraph B criteria or show extreme limitations, which he has not done. *See id.* at 926.

Insofar as Plaintiff challenges the ALJ's determination that Plaintiff does not have greater functional limitations than those identified in Plaintiff's RFC, this argument is without merit as well. A claimant's RFC is the most that a claimant can do despite physical and mental limitations resulting from impairments. 20 C.F.R. § 404.1545. The ALJ will consider all relevant medical and other evidence in the case in determining the claimant's RFC. *Phillips*, 357 F. 3d at 1238. However, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable the district court or this Court to conclude that the ALJ considered her medical condition as a whole." *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (internal quotation marks omitted).

The ALJ gave considerable weight to the opinion of the State Agency consultants who reviewed all the evidence in the record and, according to the ALJ, "provided specific reasons for their opinions" based on the evidence. (Tr. 30). The State Agency consultants opined that Plaintiff had only mild or moderate limitations with regard to activities of daily living, social functioning, concentration, persistence, or pace, and episodes of decompensation. (Tr. 736–38, 780). The ALJ also noted that Plaintiff's consultative exam showed Plaintiff was cooperative and motivated, had an intact memory, and was alert and orientated. (Tr. 674).

In arguing that the ALJ's decision is not supported by the record, Plaintiff refers to the fact that he has limited employment history and describes an incident where he was arrested because he could not prove his cell phone was not stolen. (Doc. 17, pp. 18–19). Plaintiff seems to imply that this single incident supports a finding that Plaintiff has more significant functional limitations than those identified by the ALJ. Yet, even if this argument were persuasive, it is not the Court's role to reweigh the evidence. *See Crawford*, 363 F. 3d at 1158–59 ("Even if the evidence preponderates against the Commissioner's findings, [the Court] must affirm if the decision reached is supported by substantial evidence."). Accordingly, Plaintiff has failed to meet his burden to establish that the ALJ erred in determining his RFC.

## IV. RECOMMENDATION

For the reasons stated above, it is **RECOMMENDED** that the ALJ'S decision should be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

**DONE and ORDERED** in Ocala, Florida on June 25, 2018.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties